WOODS, Circuit Judge.
The defendants in error recovered a judgment against the plaintiff in error for damages caused by fire to timber lands and to logs, poles, posts, and other forms of timber accumulated near the tracks of the company’s railroad at Romulus, Lincoln county, Wisconsin. The negligence charged in the declaration consisted in carelessly managing, operating, and running a locomotive, not properly equipped and constructed to arrest sparks, so as to set fire to grass, weeds, and brush which had been mowed and carelessly permitted to remain upon the company’s right of ■ way until extremely dry and inflammable, whereby fire from a locomotive was communicated “to the property, premises, and effects of the plaintiffs, and burned and destroyed the same.” The chief question is whether the court erred in refusing to direct a verdict for the plaintiff in error. It would be a laborious task, unavailing aw a precedent or for any useful purpose, to summarize the evidence.' The contention of the plaintiff in error is: First, that the estab *994 listed facts in the case point conclusively to a neighboring forest fire as the cause of the damage to the plaintiff’s property; and, second, that if the evidence falls short of the first proposition, it throws the question “whether the engine caused the loss into the field of conjecture.” These questions were submitted to the jury upon a charge which could not have made it more clear that the plaintiffs could not recover unless the jury was satisfied by a preponderance of the evidence, and able to say “with a reasonable degree of certainty,” what caused the fires seen on the right of way of the company; “that the fire was caused in the manner specified in the declaration”; “that the whole damage was caused that way”; and that, if the preponderance of the evidence was that the fire was caused in some other way, no matter what, or if the evidence was equally balanced, leaving the cause of the injury “in the realm of conjecture” and the jury unable to “settle down to any final conclusion from a preponderance of the evidence,” the verdict should be for the defendant. That the evidence was sufficient not only to warrant but to require that the case be submitted to the jury we have no doubt Of the very elaborate argument to the contrary the most that can be said is that, if made to the jury, it might have been enough to win and to justify a different verdict; but at the same time it demonstrates that the case was one of conflicting evidence and of debatable inferences which could not properly have been withdrawn from the jury.
It follows, of course, that there was no error in refusing a special instruction to the effect that, if the fires seen on the company’s right of way might have been caused either by the locomotive or by the forest fire, there was no evidence to warrant the jury in saying that they were caused by the one rather than the other. One of the fires on the right of way was on the south side of the track, where it is insisted it could not have been caused by a spark from the locomotive, because a strong south wind was blowing, which must have carried all sparks from the engine northward, and therefore, it is urged, must have been caused by a spark from the forest fire. That was a question to be determined upon the pertinent circumstances of which there were many disclosed by the evidence.
The other special request for instruction which was refused does not present an essentially different question. It reasserts the proposition that, if sparks carried by the wind from the forest fire might have set the fires upon the company’s right of way, there could not be a verdict for the plaintiffs.
Error has been assigned upon exceptions to the admission of testimony. We are of the opinion that no error in that respect was committed, but, if there were, it was unimportant.
The ruling upon the motion for a new trial presents no question. In the federal practice errors of law, and any ruling which may be reviewed upon writ of error, may be assigned as error directly, but should not be embraced in a motion for a new trial; and, if they are, the ruling_ upon the motion is not thereby made reviewable. In this instance the motion embraces no ruling or question which we have not considered upon the errors properly assigned. The judgment below is affirmed.